IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **WOLVERINE LAND HOLDINGS, LLC, NEW PRIME INC., ROBERT LOW, DEAN HOEDL, AND DAMIAN PROBSTFIELD,** | ) | |
| **Plaintiffs,** | ) | |
| **vs.** | ) | **Case No. 6:26-cv-03273-MDH** |
| **DONALD J. MEEKS, JOE A. OWEN, AND RICHARD L. RHEA,** | ) | |
| **Defendants.** | ) | |

## ORDER

Before the Court are Defendants' Motion to Dismiss or Transfer Venue and Defendants' Motion to Stay Proceedings Pending Resolution of Motion to Dismiss or Transfer Venue. (Docs. 18 and 20). Defendants have filed Suggestions in Support (Docs. 19 and 21); Plaintiffs have filed Suggestions in Opposition (Doc. 22); Defendants have filed a reply (Doc. 23); and Plaintiffs have filed a surreply (Doc. 26). The motion is ripe for adjudication on the merits. For the reasons stated herein, Defendants' Motion to Dismiss or Transfer Venue is **GRANTED;** and Defendants' Motion to Stay is **FOUND AS MOOT**.

## BACKGROUND

This case arises out of a dispute over guaranty agreements executed in connection with a construction loan for The Manning, a luxury condominium project in Nashville, Tennessee. Two lawsuits related to this same loan scheme, and involving parties that overlap with the parties to this suit, have already been filed in the Middle District of Tennessee. The first action, *Chartwell Properties, LLC v. Low, et al.*, Case No. 3:26-cv-00204 (M.D. Tenn.), has been pending before Judge Trauger in that district since February 24, 2026. The second action, *Wolverine Land*

*Holdings, LLC v. Meeks, Owen, and Rhea*, Case No. 3:26-cv-00613 (M.D. Tenn.), in which Plaintiff Wolverine asserts breach of the same guaranties on the construction loan through which Plaintiffs here seek indemnification, is also before Judge Trauger and was filed in the Middle District of Tennessee on the same day that Plaintiffs filed this suit. Thus, three lawsuits arising from the same construction loan are currently divided between two districts.

In this suit, Plaintiffs assert that Defendants guaranteed to indemnify and hold harmless Wolverine Land Holdings, LLC, its affiliates, officers, directors, employees, and agents against any and all losses, liabilities, claims, damages, costs, and expenses which might arise from or relate to the loan documents or any transaction contemplated therein. Plaintiff Wolverine Land Holdings, LLC is a limited liability company organized and existing under the laws of the State of Missouri and has its principal office in Springfield, Missouri.[1] Plaintiff New Prime, Inc. is a corporation organized and existing under the laws of the State of Nebraska and has its principal office in Springfield, Missouri. Plaintiffs Dean Hoedl, Robert Low and Damian Probstfield are all natural persons and residents of the State of Missouri. Defendant Donald J. Meeks is a natural person and resident of the State of Texas. Defendant Joe A. Owen is a natural person and resident of the State of Kentucky. Defendant Richard L. Rhea is a natural person and a resident of the State of Tennessee.

Plaintiffs' Complaint alleges four counts: Count I - Breach of Repayment Guaranty; Count II - Breach of Completion Guaranty; Count III - Declaratory Judgment Repayment Guaranty; and Count IV - Declaratory Judgment Completion Guaranty. (Doc. 1). Defendants seek to dismiss this action without prejudice, or in the alternative, to transfer venue to the United States District Court

[1] The Complaint alleges that each and every member of Wolverine Land Holdings, LLC is a resident of the State of Missouri. (Doc. 1, ¶ 1).

for the Middle District of Tennessee. Defendants seek also an order staying all proceedings in this action pending resolution of Defendants' motion to dismiss or transfer venue to the Middle District of Tennessee.

**ANALYSIS**

Defendants put forth three theories they contend each justify transferring this case to the Middle District of Tennessee. First, that the Chartwell action in the Middle District of Tennessee was first-filed and substantially similar to this case; second, that transfer is appropriate under 28 U.S.C. § 1404(a); and third, that the guaranties' forum selection clause independently supports transfer. Defendants' forum selection clause argument fails because, as Plaintiffs point out, the clause on which Defendants rely only limits the *guarantor*—i.e., Defendants in this case—to bringing suit in Tennessee. *See* Guaranty (Doc. 1-5) at § 5.3 ("GUARANTOR AGREES THAT ANY ACTION OR PROCEEDING BY GUARANTOR AGAINST LENDER SHALL BE BROUGHT ONLY IN A STATE OR FEDERAL COURT LOCATED IN DAVIDSON COUNTY, TENNESSEE."). The Court need not decide whether the first-filed rule mandates transfer, because the Court in its discretion finds transfer warranted under 28 U.S.C. § 1404(a).

"Section 1404(a) governs the ability of a federal district court to transfer a case to another district." *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). There is no "exhaustive list of specific factors to consider in making the transfer decision, but district courts should weigh any case-specific factors relevant to convenience and fairness to determine whether transfer is warranted." *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010) (internal citations omitted). Such

case-specific factors include (1) the convenience to the parties and witnesses, (2) the interest of justice, and (3) judicial economy. *Id.* at 913–15. Section 1404(a) "accords the district court much discretion in deciding" motions to transfer. *Terra Int'l, Inc.*, 119 F.3d at 697; *see also Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) ("Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'") (internal citation omitted). "[T]he party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." *Terra Int'l, Inc.*, 119 F.3d at 695.

Defendants contend that the Middle District of Tennessee would have jurisdiction over this case; that the convenience of parties and witnesses favors transfer; and that the interest of justice favors transfer. This Court agrees.

This case might have been brought in the Middle District of Tennessee. The Plaintiffs are already litigating related claims in that district, and the Defendants consent to jurisdiction there. Plaintiff Wolverine filed a related guaranty action in the Middle District of Tennessee the same day it joined in filing this indemnification suit.

Further, convenience to parties and witnesses favors transfer. The Manning is in Tennessee. None of the Defendants reside in Missouri. Irrespective of this suit, all of the Plaintiffs will have to be present in the Middle of District of Tennessee to litigate related cases. Likewise, all parties already have counsel of record in Tennessee—the same counsel as in this case. No material witnesses besides certain Plaintiffs reside in the Western District of Missouri, and the parties' contract explicitly recognizes that the material negotiations occurred in Tennessee. *See* Amended and Restated Construction Loan Agreement (Doc. 1-3) at § 9.6 ("IT IS ACKNOWLEDGED AND AGREED THAT THE NEGOTIATIONS WITH RESPECT TO THE LOAN DOCUMENTS

AND THE TRANSACTIONS EVIDENCED HEREBY WERE UNDERTAKEN IN THE STATE OF TENNESSEE.”).

Plaintiffs contend that Plaintiffs Prime, Low, Hoedl, and Probstfield are only present in Tennessee in order to defend themselves in the Chartwell action, the very action for which they here seek a defense and indemnity. But Plaintiffs are the ones who, in negotiating with Defendants, had them agree that any action by Defendants/guarantors could only be brought in Tennessee. Guaranty (Doc. 1-5) at § 5.3. The Court finds inconsistent Plaintiffs’ position that the venue where Plaintiffs limited Defendants to bringing suit nonetheless is inconvenient for them.

The interest of justice favors transfer. Transferring this case to the Middle District of Tennessee would allow three related suits to be coordinated before a single court, increasing judicial economy and decreasing the parties’ litigation costs. Further, Tennessee law governs the guaranties containing the indemnification clauses here at issue. *See* Guaranty (Doc. 1-5) at § 5.3 (“THE CONTRACTUAL AND OTHER GENERAL AGREEMENTS EVIDENCED BY THIS GUARANTY WILL BE GENERALLY GOVERNED AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF TENNESSEE (WITHOUT REGARD TO PRINCIPLES OF CONFLICT OF LAWS)”); *Terra Int’l, Inc.*, 199 F.3d at 696 (recognizing familiarity with governing law as a relevant factor under section 1404(a)). The validity and scope of the parties’ indemnification agreement under Tennessee law are issues that will be determined with greater fluency by a Tennessee federal court that has daily familiarity with Tennessee decisional law.

Plaintiffs put much store in the general proposition that “federal courts give considerable deference to a plaintiff’s choice of forum.” *Terra Int’l, Inc.*, 119 F.3d at 695; *see also Sunflower Redevelopment, LLC v. Illinois Union Ins. Co.*, Case No. 4:15-cv-0557, 2016 WL 4076821, at *4 (W.D. Mo. Jan. 4, 2016) (“Generally, a plaintiff has a ‘venue privilege’ to choose where to bring

its suit.”). That deference, however, is predicated on “an assumption that the plaintiff’s choice will be a convenient one.” *In re Apple, Inc.*, 602 F.3d at 913. Here, Defendants have provided ample reason why proceeding with this suit in the Western District of Missouri would be inconvenient and why the Middle District of Tennessee is a more convenient forum. This case belongs in the Middle District of Tennessee.

Because this Court finds transferal of this case to the Middle District of Tennessee appropriate under 28 U.S.C. § 1404(a), Defendants’ request to stay proceedings is now moot.

## CONCLUSION

For the reasons stated above, Defendants’ Motion to Transfer Venue is **GRANTED**; and Defendants’ Motion to Stay Proceedings Pending Resolution of Motion to Dismiss or Transfer Venue is **FOUND AS MOOT**.

**IT IS SO ORDERED**.

DATED: August 17, 2026

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**